# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Exide Holdings, Inc., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 20-11157 (LSS)<br><br>(Jointly Administered) |
| Peter Kravitz, as GUC Trustee of the<br>GUC Trust of Exide Holdings, Inc., *et al.*,<br><br>    Plaintiff,<br><br>vs.<br><br>Phoenixx, L.P.,<br><br>    Defendant. | Adv. No. 21-50687 |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO PLAINTIFF'S CLAIMS AGAINST DEFENDANT, PHOENIXX, L.P.**

**ASK LLP**

Gary D. Underdahl
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: (651) 289-3846
Fax: (651) 406-9676
Email: gunderdahl@askllp.com
*Counsel for Plaintiff, Peter Kravitz, as GUC Trustee of the GUC Trust of Exide Holdings, Inc., et al.*

**CONNOLLY GALLAGHER LLP**

Lisa Hatfield (#4967)
1201 North Market Street, 20th Floor
Wilmington, Delaware 19801
Telephone: (302) 888-6313
Email: lhatfield@connollygallagher.com

Dated: August 31, 2023

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Exide Holdings, Inc. (5504), Exide Technologies, LLC (2730), Exide Delaware LLC (9341), Dixie Metals Company (0199), and Refined Metals Corporation (9311). The Debtors' mailing address is 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I. STATEMENT OF NATURE AND STAGE OF PROCEEDING ........................................ 1

II. SUMMARY OF ARGUMENT ............................................................................................ 1

III. ARGUMENT ........................................................................................................................ 2

    A. Defendant Does Not Dispute Plaintiff's *Prima Facie* Case ..................................... 2

    B. Evidence of Collection Pressure and Late Payment Timing Preclude any Subjective Ordinary Course of Business Defense ................................................................. 3

    C. Defendant Failed to Produce Any Evidence to Meet its Burden that the Transfers are Protected by the Objective Ordinary Course of Business Defense Under 11 U.S.C. § 547(c)(2)(B) ........................................................................................................... 7

    D. There Is No Genuine Issue of Material Fact that the Plaintiff is Entitled to a Judgment of Not Less than $334,661.32 .............................................................................. 8

IV. CONCLUSION ..................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Briden v. Foley*, 776 F.2d 379 (1st Cir. 1985) ............................................................................... 3

*Burtch v. Conn. Cmty. Bank (In re J. Silver Clothing, Inc.)*,
   453 B.R. 518 (Bankr. D. Del. 2011) ......................................................................................... 3

*Groman v. Township of Manalapan*,
   47 F.3d 628 (3d Cir. 1995) ........................................................................................................ 7

*In re FBI Wind Down, Inc.*,
   581 B.R. 116 (Bankr. D. Del. 2018) ......................................................................................... 5

*In re Lids Corp.*, 281 B.R. 535, 540 (Bankr. D. Del. 2002) .............................................................. 2

*In re Sass v. Vector Consulting, Inc. (In re Am. Home Mortg. Holdings, Inc.)*, 476 B.R.124 (Bankr.
   D. Del. 2102) ............................................................................................................................. 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ............................................................ 3

*Ridgewood Bd. of Educ. v. N.E.*,
   172 F.3d 238 (3d Cir. 1999) ...................................................................................................... 7

*Trap Rock Indus., Inc. v. Local 825*,
   982 F.2d 884 (3d Cir. 1992) ...................................................................................................... 7

**Rules**

Fed. R. Civ. P. 56 ............................................................................................................................ 3

Federal Rule of Bankruptcy Procedure 7056 .................................................................................. 1

Federal Rule of Civil Procedure 56(a) ............................................................................................ 1

Pursuant to Federal Rule of Civil Procedure 56(a), made applicable herein pursuant to Federal Rule of Bankruptcy Procedure 7056, Peter Kravitz as GUC Trustee of the GUC Trust of Exide Holdings, Inc., *et al*. (the "Trustee" or "Plaintiff") hereby submits this *Reply in Support of Plaintiff's Motion for Summary Judgment with Respect to Plaintiff's Claims Against Defendant, Phoenixx, L.P.* (the "Reply").

## I. STATEMENT OF NATURE AND STAGE OF PROCEEDING

On June 28, 2023, Plaintiff filed the *Motion for Summary Judgment with Respect to Plaintiff's Claims against Defendant, Phoenixx, L.P.* and accompanying Opening Brief [Adv. D.I. 26] (the "Plaintiff's Motion").

On July 26, 2023, Defendant filed *Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment* [Adv. D.I. 29] (the "Defendant's Response").

Plaintiff now submits this Reply in support of Plaintiff's Motion.

## II. SUMMARY OF ARGUMENT

Plaintiff's prima facie case has been met and Defendant has failed to present any evidence proving otherwise. Further, contrary to Defendant's assertions, Plaintiff has established that the undisputed facts in this case prove the transfers received by Defendant were not made in the ordinary course of business as evidenced by the following:

• During the Preference Period, Defendant exerted collection pressure upon the Debtor by threatening a late fee from its president, directly resulting in the lone preference period payment being made by Debtor to Defendant; and

• During the Preference Period, the transfer made to Defendant was extremely late compared to all the transfers made during the Historical Period and was not ordinary between the parties; and

1

• Defendant has failed to produce any evidence to establish it can meet its burden pursuant to the objective ordinary course of business defense.

Defendant attempts to counter these facts by arguing that no one fact is determinative on whether or not the subjective prong of the ordinary course of business defense is met. However, it is not one factor alone that demonstrates the transfers here were not made in the ordinary course of business. Further, none of the assertions by Defendant establishes by a preponderance of evidence that the preference period transfer was ordinary. Rather, many of Defendant's statements and assertions are self-defeating and demonstrate that the transfer was not made in the ordinary course of business. As Defendant has failed to meet its affirmative defense burdens, Plaintiff's Motion should be granted as a matter of law.

### III.    ARGUMENT

**A.    Defendant Does Not Dispute Plaintiff's *Prima Facie* Case**

The Plaintiff's *prima facie* case is undisputed in this case and, therefore, Plaintiff meets the criteria set forth in 11 U.S.C. § 547(b). Defendant never provides any further argumentation or evidence on any of these points other than blindly stating genuine issue of material fact exists as to rebutting the presumption of insolvency. Defendant's Response, p. 21-22. Under 11 U.S.C. § 547(f), the Debtors are presumed to be insolvent and insolvency is defined under 11 U.S.C. § 101(32) as when an entity has a "…financial condition such that the sum of such entity's debts is greater than all of such entity's property, at fair valuation…". *Id*. Here, Defendant argues it did not have any knowledge of the Debtors' insolvency at the time of the transfer. Contrary to Defendant's assertion, Defendant's knowledge is not a factor in rebutting the presumption of insolvency. *See In re Lids Corp.,* 281 B.R. 535, 540 (Bankr. D. Del. 2002) (the court examined the

requirements for rebutting the presumption of insolvency under 11 U.S.C. § 547(b)(3), including the need of sufficient evidence that a debtor was solvent at the time of the valuation date). *See also See Briden v. Foley*, 776 F.2d 379, 381, n. 3 (1st Cir. 1985) ("The requirement that the creditor have reasonable cause to believe that the debtor was insolvent at the time of the transfers was eliminated by Congress in the Bankruptcy Amendments and Federal Judgeship Act of 1984."). Because the 1984 amendments made creditor's knowledge of insolvency irrelevant to the § 547(b)(3) determination, and because Defendant has not produced any evidence to challenge the presumption of insolvency, Debtor is presumed to have been insolvent during the ninety (90) days prior to the Petition Date.

A party resisting a motion for summary judgment must present evidence demonstrating that genuine issues of material fact exist for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "'If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.'". *Burtch v. Conn. Cmty. Bank (In re J. Silver Clothing, Inc.)*, 453 B.R. 518, 525 (Bankr. D. Del. 2011) (quoting Fed. R. Civ. P. 56). Because Defendant provides this Court with no evidence to refute the Plaintiff's *prima facie* case, judgment in favor of the Plaintiff on those issues is warranted.

**B.** **Evidence of Collection Pressure and Late Payment Timing Preclude any Subjective Ordinary Course of Business Defense**

Defendant misses the mark in its attempt to argue the lone Preference Period transfer was made in the ordinary course of business. First, Defendant dismisses the collection pressure exerted by Defendant on the Debtors as routine, standard practice and that the late fee was never "assessed" or collected. Defendant's Response, p. 4-5. The

3

Court should reject Defendant's argument. In support of its position, Defendant references pre-preference period emails between Sherri Kotkevich, of Defendant's AP department, and the Debtor's regarding outstanding invoices. *See Exhibit 5 to the Declaration of Brian Helsel.* While it appears Defendant may have inquired from time to time on the status of payments from the Debtor during the pre-preference period, at no time did Defendant threaten a late fee, until the president of the company directly made such a threat. Moreover, the direct threat of a late fee from the president of the company resulted in the preference period payment.

More specifically, prior to the preference period, email follow ups came from Sherri Kotkevich of the AP department. *Id.* On March 24, 2020, during the Preference Period, Defendant's president, Brian Helsel, got involved by emailing Paul Chidiac, Debtor's Director of Raw Materials Commodities, stating the late payment was causing an issue and that it needed to be paid ASAP and Defendant also needed to recoup a late fee. *See Kravitz Dec., Ex. D,* at Phoenixx_2719-2738. On the same day, Mr. Chidiac responded that the invoice was to be paid the following day. *Id.* Mr. Helsel later responded with the specific late fee amount and that Defendant would look for payment. *Id.* On March 26, 2020, Mr. Helsel again emailed Mr. Chidiac requesting status of payment. *Id.* As a result, the lone preference period payment in the amount of $334,661.32 was made on March 26, 2020 via ACH.

The Defendant has produced no evidence showing that at any time prior to the Preference Period did the Defendant's president email Debtor's demanding payment and threaten a late fee. But for the late fee threat from Mr. Helsel, the preference period payment may not have been made. Contrary to Defendant's arguments, this conduct was

4

extraordinary between the parties and that extraordinary conduct led to the $334,662.32 transfer to Defendant on March 26, 2020. *See, e.g., In re FBI Wind Down, Inc.*, 581 B.R. 116, 143 (Bankr. D. Del. 2018) (late fees are one way in which a creditor may take advantage of a debtor's financial condition). As a result, the lone $334,662.32 transfer is not protected by the ordinary course of business defense.

Second, even without the determinative issue of collection pressure, Defendant's assertions regarding payment timing in its Response and its use of *In re Sass v. Vector Consulting, Inc. (In re Am. Home Mortg. Holdings, Inc.), 476 B.R.124 (Bankr. D. Del. 2102)* are simply incorrect. While the Delaware Bankruptcy Court does examine a variety of factors when determining whether payments were made in the ordinary course of business, it has noted that courts place particular emphasis on the timing of payments. *See Radnor Holdings Corp. V. PPT Consulting, LLC (In re Radnor Holdings Corp.)*, 2009 WL 2004226, *5 (Bankr. D. Del. July 9, 2009). Specifically, Defendant asserts that the timing of payment between the historical period and the preference period was "consistent" and "substantially the same." Defendant's Response, p. 3. Defendant further asserts that Plaintiff analysis is improper as it uses weighted averages with payment history from 2018. Defendant's Response, p. 14. Defendant attempts to support this position by citing *In re American Home Mortgage Holdings, Inc.* and asserting that this Court uses the "total range method" as opposed to average time between invoice and payments. Defendant's Response, p. 10. The Defendant further blindly asserts the payment history here is similar to that found in *In re American Home Mortgage*. *Id.* But the Court in *In re American Home Mortgage* found the transfers there ordinary between the parties as the preference period payment range of 34-62 days from invoice date fell squarely within the total

5

historical range of 7-67 days from invoice date. *See 476 B.R. at 138. In Re American Home Mortgage is inapposite.*

Defendant further states "it is clear that the payments during the Preference Period were made within the range of payments made during the Historical Period." Defendant's Response, p. 16. Defendant has provided no support for such a statement and it could not be further from the truth. First, contrary to Defendant's assertion, Plaintiff only referenced the "averages" for illustration purposes. Plaintiff asserted in its Motion and continues to assert the Preference Period payment was made much later than the total historical range. Plaintiff's Motion, p. 23. In fact, even taking Defendant's assertion that the 2018 payment history skews the pre-preference payment history and those 2018 transfers should be removed from the historical analysis, the lone preference period payment is still much later than the total historical range of 21 to 31 days past invoice for those 2019 and 2020 remaining historical transfers. Simply, 100% of the historical transfers paid invoices within the 21-31 day range. During the Preference Period, invoice number 16678 was paid at 49 days from invoice date, almost 3 weeks later than the latest historical payment made at 31 days.[2] Even if using Defendant's data at the high end of 34 days, the Preference Period transfer still paid the invoice over 2 weeks later than the latest historical payment. This is markedly later than the Debtor's previous invoice payments with those same net 20 terms. There is a clear shift in payment timing here and no payment overlap between the Historical and Preference Period transfers as was found in *In re American Mortgage Home, Inc.* In fact here, the timing of the preference period payment might have been much later

---

[2] Defendant disingenuously attempts to make point by stating it was not provided with discovery from Plaintiff. Defendant's Response. P. 12. Defendant should know Plaintiff did not produce discovery because Defendant never propounded discovery requests upon Plaintiff when fact discovery period was open.

6

than 49 days but for the late fee threat by Mr. Helsel just two days before the preference period transfer was made.

Plaintiff has brought forth clear evidence that the Preference Period transfer paid invoice 16678 much later than the total historical range and was made in response to the late fee threatened by the Defendant's president. Plaintiff ties emails to lone preference period payment, providing a credible evidentiary link between the collection pressure and what Defendant received during the preference period.

Accordingly, because Plaintiff has presented evidence supporting more than one factor which demonstrates the Preference Period transfer was not made in ordinary course of business defense between the parties, judgment in favor of the Plaintiff on this issue is warranted.

### C. Defendant Failed to Produce Any Evidence to Meet its Burden that the Transfers are Protected by the Objective Ordinary Course of Business Defense Under 11 U.S.C. § 547(c)(2)(B)

Defendant has failed to respond to Plaintiff's objective ordinary course of business argument in Plaintiff's Motion or produce *any* evidence to suggest that it can meet the burden of establishing that the transfers were made according to ordinary business terms in the Debtors' and Defendant's respective industries. 11 U.S.C. § 547(c)(2)(B). There was simply no evidence produced by Defendant in this adversary proceeding, or even blindly attached to Defendant's Response, supporting any references to ordinary terms within the Defendant's or Debtor's industries. *See Ridgewood Bd. of Educ. v. N.E.*, 172 F.3d 238, 252 (3d Cir. 1999); *see also, e.g., Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (noting that speculation and conclusory allegations are not sufficient to create a genuine issue of material fact); *Trap Rock Indus., Inc. v. Local 825*,

7

982 F.2d 884, 890 (3d Cir. 1992) ("The non-moving party must present something more than mere allegations, general denials, vague statements or suspicions."). For these reasons alone, Defendant failed to meet its burden of establishing that the transfers at issue were made according to ordinary business terms in the Debtors' and Defendant's respective industries and judgment in favor of the Plaintiff on this issue is warranted.

**D.     There Is No Genuine Issue of Material Fact that the Plaintiff is Entitled to a Judgment of Not Less than $334,661.32**

Plaintiff's prima facie case has been met and despite the fact that Defendant asserts it has met its subjective ordinary course of business defense burdens, Defendant has failed to present *any* evidence proving otherwise. Plaintiff has established that the undisputed facts in this case prove the lone $334,661.32 transfer received by Defendant within the preference period was not made within the ordinary course of business due to creditor pressure and extremely late timing compared to the historical transfers.

## IV.     CONCLUSION

In response to summary judgment, Defendant has the obligation to show what facts are actually in dispute and why those facts are both genuine and material to the case. Defendant fails to do so and instead it ignores issues such as the direct link between the threat of a late fee from its president and its resulting payment, the late timing compared to all the historical payments, and the fact Defendant failed to produce any industry data for purposes of its objective ordinary course of business defense burden. Because Defendant has not met its burden under Rule 56, Plaintiff respectfully requests that this Court enter an order granting Plaintiff's Motion in its entirety and entering judgment in

favor of Plaintiff in the principal amount of $334,661.32, plus prejudgment interest from the date of the filing of the Complaint on June 15, 2021, through the date hereof.

|  |  |
|---|---|
| Dated: August 31, 2023<br>Primary Counsel | **ASK LLP**<br><br>Gary D. Underdahl<br>2600 Eagan Woods Drive, Suite 400<br>St. Paul, MN 55121<br>Telephone: (651) 289-3846<br>Fax: (651) 406-9676<br>Email: gunderdahl@askllp.com<br><br>and |
| Delaware Counsel<br>(Please contact primary counsel.) | **CONNOLLY GALLAGHER LLP**<br><br>/s/  *Lisa Hatfield*<br>Lisa Hatfield (#4967)<br>1201 North Market Street, 20th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 888-6313<br>Email: lhatfield@connollygallagher.com<br><br>***Counsel for Plaintiff, Peter Kravitz, as GUC Trustee of the GUC Trust of Exide Holdings, Inc., et al.*** |